IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RICKY LEE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:15CV37 (REP-RCY) |
| ) | |
| MICHAEL L. WADE, ) | |
|     Defendant. ) | |

**REPORT AND RECOMMENDATION**

Ricky Lee ("Plaintiff" or "Lee"), proceeding *pro se* and *in forma pauperis*, brings this suit against Michael L. Wade ("Defendant" or "Wade"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended. Specifically, Lee alleges that Wade, the Sheriff of Henrico County, Virginia, unlawfully discriminated against Lee by failing to promote him on the basis of his race, African-American, and his sex, male. (Compl., ECF No. 3.) Lee further alleges that Wade unlawfully retaliated against Lee in violation of Title VII. (*Id.*) Wade has moved to dismiss Lee's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, ECF No. 7; *see also* Mem. in Supp. of Mot. to Dismiss, ECF No. 8.)

This matter is now before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Wade's Motion to Dismiss (ECF No. 7). For the reasons set forth below, the Court RECOMMENDS that Wade's Motion to Dismiss (ECF No. 7) be GRANTED and that Lee's Complaint (ECF No. 3) be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency *of a complaint*." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted) (emphasis added). Accordingly, on a motion to dismiss, the record includes "the complaint in its

1

entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The Court construes the allegations in the complaint in favor of the non-moving party, as required when resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 591 (4th Cir. 2004) (citations omitted); *see also* Fed. R. Civ. P. 12(b)(6). Viewing the facts through such a lens, the Court has concluded that the relevant facts are as follows.

**A. Allegations in the Complaint**

In his Complaint,[1] Lee alleges

> that on August 28, 2013, Henrico County Sherriff's Office (["]HSO["]) engaged in the unlawful discriminatory practice of failure to promote on the basis of his race (African-American), sex, and in retaliation for his past engagement in protected activity. Such action may constitute a violation of the Title VII of the 1964 Civil Rights Act, as amended ("Title VII").

(Compl., ECF No. 3 at 1.) Lee also alleges the following:

> 1. He has held the position of Deputy Sheriff since 1994[;]
> 2. He applied for and was denied promotions throughout 2013[;]
> 3. [He] believes that HSO refused to promote him, in part [because] of complaints he had previously filed with the United States Equal Employment Opportunity Commission ("EEOC") in 1998 and 2001.
> Lee is protected under Title VII from discriminatory animus on the basis of his race and from being retaliated against by the Henrico County Sheriff's Office.

---

[1] Proceeding *pro se*, Lee has not strictly complied with the formatting requirements of the Local Rules; nonetheless, "[a] document filed *pro se* is 'to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation and internal quotation marks omitted). Further, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "Principles requiring generous construction of *pro se* complaints are not, however, without limits . . . . It does not require [district] courts to conjure up questions never squarely present to them. District judges are not mind readers." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

> This is an on-going violation of a pattern practice of discrimination against the plaintiff for exercising his equal rights.

(*Id.*)

Lee also attaches to his Complaint a Right to Sue Letter ("RTS Letter"), issued by the EEOC on October 22, 2014. (Dismissal and Notice of Rights ("RTS Letter"), ECF No. 3-1 at 1.)

## II. PROCEDURAL POSTURE

On October 22, 2014, the EEOC issued Lee his RTS Letter and notified Lee that it was dismissing his administrative suit. (RTS Letter at 1.) Thereafter, on January 20, 2015, Lee filed a Motion to Proceed *In Forma Pauperis* (Mot. to Proceed *In Forma Pauperis* ("IFP Motion"), ECF No. 1) in this Court. On March 16, 2015, the Court granted Lee's IFP Motion. (Order, ECF No. 2.) That same day, Lee's Complaint (ECF No. 3) was docketed. On April 1, 2015, Wade filed both an Answer (Answer, ECF No. 6) to Lee's Complaint and a Motion to Dismiss (Mot. to Dismiss, ECF No. 7).

On April 8, 2015, Lee filed a document styled "Rebuttal Answer" (ECF No. 10). That same day, Lee also filed a document styled "Deny Motion to Dismiss" (ECF No. 11).[2] On April 13, 2015, Wade filed his Reply in support of his Motion to Dismiss (Rebuttal Mem. in Supp. Mot. to Dismiss ("Def.'s Reply"), ECF No. 12). Wade's Motion to Dismiss is ripe and ready for review. The time for Lee to file an amended complaint has passed. *See* Fed. R. Civ. P. 15(a)(1).

## III. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

---

[2] In the "Deny Motion to Dismiss" document, Lee references the "accompanying memorandum of law" and asks the "Court to deny the dismissal of the Complaint." (Deny Mot. to Dismiss, ECF No. 11 at 3.) Lee's "Rebuttal Answer" was received by the Court in the same envelope as the "Deny Motion to Dismiss." (Rebuttal Answer, Attach. 3, ECF No. 10-3; Deny Mot. to Dismiss, Attach. 1, ECF No. 11-1.) Accordingly, the Court construes both of Lee's April 8, 2015, filings (ECF Nos. 10, 11) as together constituting his response to Wade's Motion to Dismiss.

3

applicability of defenses." *Martin*, 980 F.2d at 952 (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570 (citation omitted).

In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ANALYSIS

In his Complaint, Lee essentially brings three claims under Title VII: (1) that Wade unlawfully failed to promote him on the basis of his race; (2) that Wade unlawfully failed to promote him on the basis of his sex; and, (3) that Wade unlawfully failed to promote him in 2013, in retaliation for filing EEOC complaints in 1998 and 2001. (Compl. at 1.) Wade has moved to dismiss Lee's Complaint, arguing that Lee has not alleged facts sufficient to support his claims. (Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem. Supp."), ECF No. 8 at 3-7.)

### A. Title VII Race and Sex Discrimination

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race . . . [or] sex. 42 U.S.C. § 2000e-2(a)(1). A plaintiff can prove unlawful discrimination in one of two ways. First, a plaintiff can provide direct or indirect evidence of intentional discrimination. *Foster v. Univ. of Maryland-Eastern Shore*, 787 F.3d 243, 249 (4th Cir. 2015). In the absence of such evidence, a plaintiff may prove unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.*

Under the *McDonnell Douglas* framework, a plaintiff can survive a motion to dismiss by alleging facts "sufficient to reasonably infer a *prima facie* case of discrimination." *Petrosyan v. Delfin Grp. U.S.A., LLC*, No. 2:13-cv-2990-PMD, 2015 WL 685266, at * 6 (D.S.C. Feb. 18, 2015) (citing *Gladden v. Solis*, 490 F. App'x 411, 412 (3d Cir. 2012); *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010)). To make out a *prima facie* case of discrimination, a plaintiff must prove that: (1) he belongs to a protected class; (2) he applied for and was qualified for a particular open position; (3) he was rejected for that position; and, (4) the position was filled by an individual who did not belong to his protected class. *See McDonnell Douglas Corp.*, 411 U.S. at 802.

Lee has offered no direct or indirect evidence of intentional discrimination. Direct evidence may include, for example, statements by an employee's supervisors that are generally discriminatory or statements by supervisors that indicate that their actions were motivated by the employee's race or sex, or in retaliation against filed EEOC claims. *See Monk v. Potter*, 723 F. Supp. 2d 860, 875-76 & n.4 (E.D. Va. 2010) (citing *Evans v. Techs. Applications & Serv. Co.*, 80 F. 3d 954, 959 (4th Cir. 1996)). Courts routinely consider indirect evidence to be tantamount to circumstantial evidence. *See, e.g., Id.*; *Evans*, 80 F.3d at 959 (citing *Goldberg*, 836 F.2d 845, 848 (4th Cir. 1988)). Lee offers no sufficient allegations of either direct or

indirect/circumstantial evidence in his Complaint. The Court, therefore, turns to analyzing the sufficiency of Lee's Complaint under the *McDonnell Douglas* framework, which applies to both race and sex discrimination claims under Title VII. *See Tasciyan v. Med. Numerics*, 820 F. Supp. 2d 664, 674 (D. Md. 2011) (citing *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998)); *Monk*, 723 F. Supp. 2d at 876 & n. 5; *see also King v. Rumsfeld*, 328 F.3d 145, 147-49 (4th Cir. 2003) (analyzing race and sex discrimination claims together under the *McDonnell Douglas* framework).

### 1. Race Discrimination

Lee's Complaint does not contain allegations sufficient to establish a *prima facie* case of race discrimination under Title VII. Specifically, Lee has failed to allege the positions that he applied for, his qualifications for those positions, and that those positions were filled by an individual outside of his protected class. Rather, Lee merely alleges that "[h]e has held the position of Deputy Sheriff since 1994" and that "[h]e applied for and was denied promotions throughout 2013." (Compl. at 1 ¶¶ 1,2.) With regard to discriminatory practices, Lee otherwise only offers the conclusory legal statement that "[t]his is an on-going violation of a pattern practice of discrimination against the plaintiff for exercising his equal rights." (*Id.* at 1.) The Court need not accept this legal conclusion as true. *See Ashcroft*, 556 U.S. at 678. In short, Lee has simply failed to allege facts sufficient to support a *prima facie* case of race discrimination under Title VII. *Cf. Petrosyan*, 2015 WL 685266, at * 6.

### 2. Sex Discrimination

Lee's claim of sex discrimination suffers from the same deficiencies as his claim of race discrimination. That is, Lee has failed to allege the positions that he applied for, his qualifications for those positions, and that those positions were filled by an individual of the

opposite sex. Accordingly, the Court finds that Lee has failed to allege facts sufficient to support a *prima facie* case of sex discrimination under Title VII. *Cf. Tasciyan*, 820 F. Supp. 2d at 674.

## B. Title VII Retaliation

Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because [the employee] has made a charge . . . under [Title VII]." 42 U.S.C. § 2000e-3(a); *see also Coleman*, 626 F.3d at 190. In making a retaliation claim, a plaintiff can allege direct or indirect evidence of retaliation or can proceed under the *McDonnell Douglas* framework. *See Foster*, 787 F.3d at 249. In the instant case, Lee does not allege under which method he brings his retaliation claim. The Court, therefore, analyzes Lee's claim under both methods.

### 1. Facts Alleged

Before analyzing Lee's claim under either method, the Court notes that Lee's Complaint is almost entirely devoid of any factual allegations that suggest unlawful retaliation. Indeed, Lee's Complaint suffers from the very deficiencies outlined in *Ashcroft*. Lee's Complaint contains no facts that "allow[] the court to draw the reasonable inference that . . . [D]efendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. Lee merely alleges that "[h]e has held the position of Deputy Sherriff since 1994," "[h]e applied for and was denied promotions throughout 2013," and that he "believes that HSO refused to promote him, in part [because] of complaints he had previously filed with the [EEOC] in 1998 and 2001." (Compl. at 1 ¶ 1-3.)

The balance of Lee's Complaint contains nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Twombly*, 550 U.S. at 557)). The Court need not accept as true Lee's legal conclusions as to Wade's

7

violations of Title VII. *See id.* Ultimately, Lee's Complaint simply does not "give [Wade] fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 545 (internal quotation marks and citation omitted).

### 2. Alleging Direct or Indirect Evidence

Proceeding via allegations of direct or indirect evidence, a plaintiff must allege facts showing that unlawful retaliation was the "but-for" cause of the adverse employment action. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013) (finding that the plaintiff must show that "the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer"); *Foster*, 787 F.3d at 249-50 (recognizing the application of the "but-for" standard to cases where a plaintiff provides direct or indirect evidence of retaliation).

In the instant case, as discussed above, Lee has not alleged any direct or indirect facts in support of his retaliation claim, let alone any facts supporting a reasonable inference that unlawful retaliation was the "but-for" cause for Wade denying Lee promotions in 2013. Therefore, Lee's retaliation claim fails under this method of analysis.

### 3. The *McDonnell Douglas* Framework

Proceeding under the *McDonnell Douglas* framework, "while a plaintiff is not required to plead facts that *constitute* a prima facie case in order to survive a motion to dismiss, . . . '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Coleman*, 626 F.3d at 190 (citing *Swierkiwicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002); *Twombly*, 550 U.S. at 555). In other words, a plaintiff can survive a motion to dismiss if he presents "allegations . . . sufficient to reasonably infer a *prima facie* case of retaliation" under the

*McDonnell Douglas* framework. *Petrosyan, LLC*, 2015 WL 685266, at *7 (D.S.C. Feb. 18, 2015).

In the instant case, the Court can identify no facts alleged with sufficiency to support a claim for retaliation. To make out a *prima facie* retaliation claim under Title VII, a plaintiff must allege facts sufficient to support an inference that (1) he engaged in a protected activity, (2) the defendant took an adverse employment action against him, and (3) there is a causal link between the protected activity and the adverse employment action. *See Coleman*, 626 F.3d at 190. An example of protected activity is "[o]pposition activity [that] encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998).

In the instant case, Lee has failed to allege facts sufficient to support the third *prima facie* factor, causation. That is, Lee has not alleged any facts that tend to support an inference that his denial of promotions in 2013 was in retaliation for his alleged protected activity of twelve and fifteen years prior.[3]

In alleging causation, "a plaintiff must show that the employer was aware of the protected activity." *Mohammed v. Cent. Driving Mini Storage, Inc.*, No. 2:13cv469, 2015 WL 3607527, at *10 (E.D. Va. June 5, 2015). Moreover, plaintiffs must generally make a showing of some factors that allow the court to infer causation, including "temporal proximity, intervening antagonism or retaliatory animus, inconsistent reasons for termination, or the defendant's conduct toward others." *Id.* (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)). Temporal proximity may be dispositive, but where it is not, courts will look to other factors in

---

[3] Because Lee has failed to allege facts sufficient to support the third *prima facie* factor, the Court need not consider the first two factors in depth. Nonetheless, the Court notes that Lee has not alleged the nature of his earlier complaints or the positions for which he applied and was denied promotions

analyzing the causation prong. *See id.* (citing *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007)); *see also Pinkett v. Apex Commc'ns Corp.*, No. 1:08cv790 (JCC), 2009 WL 1097531, at *6 (E.D. Va. Apr. 21, 2009) ("[A]n intervening period of only six weeks can, by itself, show a causal link. Even if it cannot, however, Lee has submitted sufficient evidence of Wades' continuing retaliatory conduct and animus during intervening period to show a causal link."). In the absence of any temporal proximity, plaintiffs must establish at least one other causation factor. *Mohammed*, 2015 WL 3607527, at *10 (citing *Bush v. Donahoe*, 964 F. Supp. 2d 401, 426 (W.D. Penn. Aug. 8, 2013)). Ultimately, while "the burden for establishing causation at the prima facie stage is 'less onerous,'" *Foster*, 787 F.3d at 251 (quoting *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989)), a plaintiff still must "allege sufficiently specific facts that would permit [a] Court to make a 'reasonable inference' of causation," *Jones v. Hosp. Corp. of Am.*, 16 F. Supp. 3d 622, 635 (E.D. Va. 2014) (quoting *Ashcroft*, 556 U.S. at 678).

In the instant case, Lee has failed to allege sufficiently specific facts to support the causation prong of his retaliation claim. Lee has not alleged whether Wade was aware of his earlier EEOC complaints. Lee has also failed to allege any facts regarding Wade's conduct towards other employees or any antagonism towards Lee. Therefore, for Lee's Complaint to sufficiently allege a claim for retaliation under the *McDonnell Douglas* framework, Lee must have alleged some manner of temporal proximity between the alleged adverse action and his alleged prior protected activity. The only alleged facts that arguably relate to temporal proximity are the alleged twelve and fifteen-year time periods between Lee's earlier EEOC complaints and the denials of his promotions in 2013.

In considering Lee's retaliation claim, the Court finds that periods of twelve and fifteen years between engaging in a protected activity and suffering an adverse employment action does

not suggest a "reasonable inference" of causation. This Court has previously found that an eight-month period between protected activity and an adverse employment action is too long to establish temporal proximity. *Jones*, 16 F. Supp. 3d at 635. Indeed, this Court has held that even "three months is too long to establish temporal proximity." *Mohammed*, 2015 WL 3607527, at *10. Typically, only a "short time interval satisfies the requisite causal link." *Vicino v. Maryland*, 982 F. Supp. 2d 601, 614 (D. Md. 2013) (Two-month period suggests a causal link); *see also King v. Rumsfeld*, 328 F.3d 145, 150-51 & n.5 (4th Cir. 2003) (Ten-week period suggests a causal link); *Taylor v. Rite Aid Corp.*, 993 F. Supp. 2d 551, 567-68 (D. Md. 2014) (Three-week period suggests a causal link); *cf. Pinkett v. Apex Commc'ns Corp.*, No. 1:08cv790 (JCC), 2009 WL 1097531, at *6 (E.D. Va. Apr. 21, 2009) (Six-week period, by itself, may suggest a causal link).

## V. CONCLUSION

Based on the foregoing analysis, the Court finds that Lee has failed to state a claim under Title VII upon which relief can be granted. Accordingly, the Court RECOMMENDS that Wade's Motion to Dismiss (ECF No. 7) be GRANTED and that Lee's Complaint (ECF No. 3) be DISMISSED WITH PREJUDICE.

The Clerk is directed to file this Report and Recommendation electronically and send a copy to Robert E. Payne, Senior United States District Court Judge, to all counsel of record, and to Lee, proceeding *pro se*, at his address of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report, and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/ [signature]
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: <u>July 17, 2015</u>